IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:18-cv-1250-SMY-RJD |
| | ) |
| CORRECTIONAL OFFICER BATES, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on a Motion to Permit Plaintiff John Doe to Proceed Anonymously filed on August 15, 2018 (Doc. 13). Defendants did not file a response.

Plaintiff John Doe filed his complaint alleging Defendant Bates used excessive force against him while he was detained as a juvenile offender at the Illinois Youth Center facility in Harrisburg, Illinois. More specifically, Plaintiff alleges Defendant Bates intentionally slammed the chuckhole in Plaintiff's cell closed while his hand was still in it, thereby crushing the tip of Plaintiff's right ring finger.

In the instant motion, Plaintiff asks the Court to allow him to proceed pseudonymously as "John Doe." Plaintiff contends that he should be allowed to proceed as John Doe because revealing his identity would run afoul of Illinois's public policy of protecting juvenile court records. Plaintiff cites to the Illinois Juvenile Court Act, 705 Ill. Comp. Stats. 405/1-7 and 405/1-8, which severely restricts the use of law enforcement and court records relating to juveniles and requires that records related to juvenile detention remain confidential even after minors reach the age of majority. Plaintiff posits that the protections afforded to him regarding his juvenile record

would be undone if his name were to be made public now that he has reached the age of majority.

Federal Rule of Civil Procedure 10 requires that the caption of the Complaint include the names of all the parties, and Federal Rule of Civil Procedure 17 requires that all civil actions be prosecuted in the name of the real party interest. *See* FED. R. CIV. P. 10, 17. The Seventh Circuit Court of Appeals has explained that "[t]he use of fictitious names is disfavored, and the judge has an independent duty to determine whether exceptional circumstances justify such a departure from the normal method of proceeding in federal courts." *Doe v. Blue Cross and Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997). The Seventh Circuit remarks that anonymous litigation runs contrary to the rights of the public to have open judicial proceedings and to know who is using court facilities and procedures funded by public taxes. *Doe v. Village of Deerfield*, 819 F.3d 372, 377 (7th Cir. 2016). "To proceed anonymously, a party must demonstrate 'exceptional circumstances' that outweigh both the public policy in favor of identified parties and the prejudice to the opposing party that would result from anonymity." *Id.* (citing *Blue Cross*, 112 F.3d at 872; *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004). The Seventh Circuit further recognizes that a litigant's use of a fictitious name is warranted in certain situations, such as for the purpose of protecting the identities of children, rape victims, and other particularly vulnerable parties. *Village of Deerfield*, 819 F.3d at 377 (citation omitted).

The Court finds exceptional circumstances to allow Plaintiff to proceed anonymously in this action. In particular, the Court agrees with Plaintiff's contention that revealing his identity would, in effect, unravel the protections afforded to his juvenile record, which is maintained in confidence. Notably, Plaintiff's juvenile record is provided special protections because of his status as a minor at the time of his juvenile adjudication and the Court finds no reason to obviate those protections at this juncture, particularly in light of the precedent in this Circuit for providing

special protections to children and minors. The Court finds the circumstances here easily distinguishable from those in *Doe v. Village of Deerfield*, in light of the fact that the record at issue here related to actions taken while Plaintiff was a minor and was not just expunged, but has been sealed because of strong policy considerations. Thus, the Court finds that in this action the public policy aimed at protecting the confidentiality of juvenile criminal records outweighs the public policy favoring the identification of parties and any prejudice Defendant may incur as a result of Plaintiff's allowance to proceed anonymously.

For these reasons, the Motion to Permit Plaintiff John Doe to Proceed Anonymously (Doc. 13) is **GRANTED**.

**IT IS SO ORDERED.**

**DATED: September 21, 2018**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**